UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| James Buchanan, ) | C/A No. 3:24-cv-6798-SAL-KDW |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | REPORT AND RECOMMENDATION |
| ) | |
| Performance Management Group, LLC, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This employment-related matter is before the court for issuance of a Report and Recommendation ("Report") pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). Plaintiff James Buchanan ("Plaintiff" or "Buchanan") initially filed his Complaint in the Richland County Court of Common Pleas on October 23, 2024. ECF No. 1-1. The Complaint includes causes of action for violation of the Family Medical Leave Act ("FMLA"), the Age Discrimination in Employment Act ("ADEA"), and the Americans with Disabilities Act ("ADA"). Defendant Performance Management Group, LLC ("Defendant" or "PMG") removed the matter to this court on November 22, 2024. ECF No. 1. On December 2, 2024, Defendant filed an Answer, ECF No. 7, and a Motion for Partial Dismissal, ECF No. 6 ("Motion"). Defendant seeks dismissal of Plaintiff's ADA and ADEA causes of action, arguing he has failed to exhaust necessary administrative remedies. Defendant also argues Plaintiff's bringing FMLA and ADA claims forecloses his bringing ADEA claims at all. Plaintiff opposes the Motion, ECF Nos. 12 and 12-2 (amendment to opposition memorandum); Defendant filed a Reply, ECF No. 13. Having considered the parties' filings and applicable law, the undersigned recommends Defendant's Motion for Partial Dismissal, ECF No. 6, be *granted without prejudice in part (as to the ADA claim) and denied as to the ADEA claim*.

I.     Legal standard

Although Defendant cites both Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) as authority for the dismissal it seeks, the court appropriately considers both of Defendant's challenges, including his challenges concerning failure to administratively exhaust administrative remedies, pursuant to Rule 12(b)(6). *See Fort Bend Cnty., Tex. v. Davis*, 587 U.S. 541, 543-44 (2019) (holding "Title VII's charge-filing requirement is a processing rule, albeit a mandatory one, not a jurisdictional prescription delineating the adjudicatory authority of courts."); 42 U.S.C. § 12117(a) (ADA incorporating Title VII administrative exhaustion requirement); *see also* 29 U.S.C. § 633a(d) (ADEA administrative exhaustion requirement); *Henderson v. Md. Transit Admin.*, No. 1:23-CV-01267-JRR, 2024 WL 916253, at *2, n.4 (D. Md. Mar. 1, 2024) (noting administrative-remedy exhaustion is analyzed under Rule 12(b)(6), not Rule 12(b)(1)); *Lee v. Esper*, No. CV 3:18-3606-TLW-KFM, 2019 WL 7403969, at *2 (D.S.C. Aug. 13, 2019) (noting challenge to administrative-exhaustion requirements appropriately considered under Rule 12(b)(6)), *report and recommendation adopted,* No. 318CV03606TLWKFM, 2020 WL 32526 (D.S.C. Jan. 2, 2020).

"A motion filed under Rule 12(b)(6) challenges the legal sufficiency of a complaint." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). The court measures the legal sufficiency by determining whether the complaint meets the Rule 8 standards for a pleading. *Id.* The Supreme Court considered the issue of well-pleaded allegations, explaining the interplay between Rule 8(a) and Rule 12(b)(6) in *Bell Atlantic Corp. v. Twombly*:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level . . .

550 U.S. 544, 555 (2007) (internal citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (citing *Twombly*, 550 U.S. at 556)). When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). The court is also to "'draw all reasonable inferences in favor of the plaintiff.'" *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (quoting *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009)). Although a court must accept all *facts* alleged in the complaint as true, this is inapplicable to legal conclusions, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). While legal conclusions can provide the framework of a complaint, factual allegations must support the complaint for it to survive a motion to dismiss. *Id.* at 679. Therefore, a pleading that provides only "labels and conclusions" or "naked assertion[s]" lacking "some further factual enhancement" will not satisfy the requisite pleading standard. *Twombly,* 550 U.S. at 555, 557. Further, the court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assocs., Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

"In deciding whether a complaint will survive a motion to dismiss, a court evaluates the complaint in its entirety, as well as documents attached or incorporated into the complaint." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011). The court may consider such a document, even if it is not attached to the complaint, if the document "was integral to and explicitly relied on in the complaint," and there is no authenticity challenge. *Id.* at 448 (quoting *Phillips v. LCI Int'l, Inc.*, 190 F.3d 609, 618 (4th Cir. 1999)). *See also Int'l Ass'n of Machinists & Aerospace Workers v. Haley*, 832 F. Supp. 2d 612, 622 (D.S.C. 2011) ("In evaluating a motion to

3

dismiss under Rule 12(b)(6), the Court . . . may also 'consider documents attached to . . . the motion to dismiss, so long as they are integral to the complaint and authentic.'") (quoting *Sec'y of State for Def. v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007)); *Bowie v. Univ. of Md. Med. Sys.*, No. CIV.A. ELH-14-03216, 2015 WL 1499465, at *6 (D. Md. Mar. 31, 2015) (granting Rule 12(b)(6) dismissal of plaintiff's ADA claim as time-barred and considering the Equal Employment Opportunity Commission ("EEOC") Charge and Right to Sue Letter as being "integral" to the decision).

II.     Background

Potentially relevant to the pending Motion, the following facts are taken from Plaintiff's Complaint and construed in the light most favorable to him:

Plaintiff was employed by Defendant for approximately 14 years. He worked as a full-time manager at a Zaxby's restaurant owned by Defendant. Compl. ¶ 6. In 2023, Plaintiff developed limited vision in one of his eyes but indicated he was still able to perform his job. When managers asked Plaintiff about his retirement plans, he advised he wanted to continue working for three-to-four more years. *Id.* ¶ 7. In January 2024, Plaintiff had a knee issue that required surgery; the surgery was set for early February 2024. Plaintiff advised Defendant of the surgery and gave any requested details. Plaintiff was again asked about his eye condition and about his retirement plans. Plaintiff then asked about medical leave and contacted HR. He was granted medical leave but was not aware of the specifics of the FMLA. Defendant did not seek medical certification from a medical provider at that time. Defendant later requested physician information. *Id.* ¶ 8. Plaintiff asked to return to work when his physician released him with minor restrictions. Management advised him to stay out another week. On April 8, 2024, Plaintiff's physician released him to return to work without restrictions. Management again advised him to wait another week. Defendant then asked for physician information regarding Plaintiff's eyesight. Plaintiff provided that information. *Id.* ¶ 9.

Prior to his surgery, Plaintiff had been made aware that Defendant company was potentially being purchased. In mid-April [2024] a senior manager had Plaintiff meet him at a Starbucks. During that meeting Plaintiff was informed he was being terminated and was offered severance. During the conversation Plaintiff again stated he was still able to work and "would and could continue to do his job as he had been doing." Compl. ¶ 10. Plaintiff advised he wanted to continue working until he was 78 years old. He was advised that was not an option and he "would either leave or be terminated." He was later paid a severance that was not made conditional on any obligation from him. *Id.*

Regarding administrative remedies, Plaintiff avers that he "has filed a charge of discrimination, pending, under the ADEA and the ADA." Compl. ¶ 1. Also relevant to administrative remedies, Plaintiff provided an affidavit in response to the pending Motion. In his affidavit, Plaintiff states the following:

1. I am the Plaintiff in the matter above. I was not allowed to return to my job after I had knee surgery in February and then was terminated in March 2024. I felt I had been terminated for discriminatory reasons, so I went to the South Carolina Human Affairs Commission (SCHAC) and filled out a form with them in or about late April of 2024 or possibly early May, 2024. I signed another form later at SCHAC they had for me in June of 2023 [sic, this should be 2024]. This, apparently, was the formal charge but I had understood it had been filed in April. I did convey this date to my attorney after filing.
2. I retained my attorney (Mr. Ormond) around May, initially to communicate with my former employer about the situation. After long thought I decided to bring an action in Court about my termination.
3. I learned that a right to sue could be issued to me after 180 days and I understood that time had passed in late October. I have never done this process. I asked the Agency (SCHAC) to issue a right to sue and did not get an answer initially. This month, I called and the person I called said the investigation needed to be complete.

Pl. Aff. (signed Dec. 21, 2024), ECF No. 12-1.[1]

---

[1] Information concerning the charge-filing and the right-to-sue letter are germane to the issue presented. As Defendant's Reply did not include any objection to Plaintiff's affidavit's being considered in connection with the pending Motion the court will consider it herein.

III.     Analysis

    A.  Failure to exhaust ADA and ADEA claims

Defendant first seeks dismissal of Plaintiff's ADA and ADEA claims on exhaustion grounds, arguing that Plaintiff's failure to receive a right-to-sue letter from the EEOC prior to filing suit requires dismissal of both claims. Defendant analyzed the failure-to-exhaust argument as to the ADA and ADEA claims in tandem. However, because Plaintiff's supplemental memorandum in opposition offers an additional argument as to the ADEA claims, the court considers them separately.

    1.  ADA claims

ADA claims follow the same claims-exhaustion framework as that of Title VII. 42 U.S.C. § 12117(a) (ADA incorporating Title VII administrative exhaustion requirement). Before filing suit under Title VII (and, by extension, the ADA), a plaintiff must exhaust his administrative remedies by bringing a charge with the EEOC or, in a "deferral" jurisdiction such as South Carolina, with an appropriate state or local agency, within a specified time "after the alleged unlawful employment practice occurred." 42 U.S.C. §§ 2000e–5(e)(1), 2000e–5(f)(1). Further, "a plaintiff in a civil action under Title VII [and, by extension, under the ADA] must allege and prove filing of a timely charge of discrimination with the Equal Opportunity Commission together with receipt of, and action on, a statutory notice of his right to sue." *United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979) (citing 42 U.S.C. § 2000e-5(f)(1)). After filing a charge and receiving a right-to-sue letter from the EEOC, a plaintiff has 90 days from receipt of the letter to file suit. 42 U.S.C. § 2000e-5(f)(1).

Here, Plaintiff indicates he has submitted a Charge with the EEOC/SCHAC. Compl. ¶ 1; Pl. Aff. ¶ 1. He concedes he has not yet received a right-to-sue letter. Pl. Mem. 2; Pl. Aff. ¶ 3. Plaintiff has indicated he will "agree to amend" his Complaint "alleging receipt of the right to sue when such document arrives." Pl. Mem. 5.

6

The undersigned agrees with Defendant that Plaintiff's ADA claim is subject to dismissal for failure to complete the administrative-exhaustion requirements of filing a charge and receiving a right-to-sue letter. Although Defendant submits the dismissal should be with prejudice, the undersigned agrees with Plaintiff that such dismissal should be without prejudice. This is so because it is conceivable that Plaintiff could obtain a right-to-sue letter while this matter is proceeding and then amend his pleading to indicate he has satisfied this requisite. *See Liggins v. G.A. & F.C. Wagman, Inc.*, No. 5:18-CV-72, 2019 WL 4039637, at *3 (W.D. Va. Aug. 27, 2019) (explaining that Rule 12(b)(6) dismissal for failure to exhaust appropriately is dismissal without prejudice when a plaintiff conceivably may return to court after he has exhausted his remedies but such dismissal appropriately is with prejudice when plaintiff cannot exhaust his administrative remedies for reasons such as having missed time deadlines) (citing cases); *Huddleston v. Wells Fargo Bank, N.A.*, No. 0:23-CV-2112-SAL-PJG, 2023 WL 8183334, at *2 (D.S.C. Nov. 27, 2023) (dismissing without prejudice based on grounds that Title VII and ADA administrative claims were "in process" and right-to-sue letter had not been received). *See Orth v. Kontane Logistics, Inc.*, No. 2:21-CV-4083-RMG, 2022 WL 2155287, at *2, n.1 (D.S.C. June 15, 2022) (dismissing one defendant without prejudice when no right to sue letter had been received from EEOC as to that defendant; but noting the court would "carefully consider" a motion to add that party back to the litigation if a right to sue letter were received). The undersigned recommends that Defendant's Motion for Partial Dismissal of the ADA claims be *granted without prejudice*.

2. ADEA claims

Defendant also argues the lack of a right-to-sue letter requires dismissal of Plaintiff's ADEA claims on failure-to-exhaust grounds. However, as pointed out by Plaintiff in his supplemental opposition memorandum, the ADEA exhaustion requirements are different from those found in Title VII/ADA in that they do not require the issuance of a right-to-sue letter. ECF No. 12-2. While ADEA

plaintiffs must timely file an administrative charge, they need not wait for a right-to-sue letter from the EEOC before filing an ADEA suit. Rather, an ADEA plaintiff must wait 60 days after filing a timely EEOC charge alleging age discrimination and then may file a lawsuit in federal court. 29 U.S.C. § 626(d)(1) (ADEA: "No civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed . . . ."). *Cf.* 42 U.S.C. § 2000e-5(f)(1) (Title VII (and, by extension, ADA) requirement indicating that the Commission "shall so notify the person aggrieved" if the charge is dismissed or the Commission has not filed a civil action within 180 days, and "within ninety days after the giving of such notice a civil action may be brought").

Here, Plaintiff indicates he filed his administrative charge "at the latest, on July 24, 2024." ECF No. 12-2 at 1.[2] Plaintiff commenced suit in state court on October 23, 2024, which was more than 60 days later. ECF No. 1-1. Accordingly, Defendant's Motion for Partial Dismissal as to Plaintiff's ADEA claim on failure-to-exhaust grounds should be denied. *See Tikhonova v. Gymnastics*, No. 3:24-CV-00280-FDW-SCR, 2024 WL 4063779, at *2, n.3 (W.D.N.C. Sept. 5, 2024) (noting difference between the right-to-sue-letter requirements of Title VII and the ADEA).

B.  Additional argument regarding ADEA claims

Defendant also challenges Plaintiff's ADEA claims on a separate Rule 12(b)(6) ground: that the Plaintiff's pleading of FMLA and ADA claims along with ADEA claims forecloses the ADEA claim based on the ADEA's but-for-causation requirement. Def. Mem. 6-8 (citing *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 176 (2009)).[3] Plaintiff acknowledges the ADEA's but-for causation requirement but submits he is not precluded from pleading alternative theories of relief. Pl. Mem. 7-8.

---

[2] Although a copy of the Charge has not been provided, Plaintiff's affidavit evidence that it was filed at least by July 24, 2024 has not been called into question.

[3] Defendant's sole non-exhaustion-related Rule 12(b)(6) objection relates to this causation issue. Defendant has not otherwise challenged whether Plaintiff's pleading sets out a plausible claim of age-based discrimination.

The undersigned agrees with Plaintiff. To be sure, *Gross* "elevated the burden of proof" applicable to ADEA claims. *Arthur v. Pet Dairy*, 593 F. App'x 211, 219 (4th Cir. 2015) (noting *Gross* applied the but-for standard of proof to ADEA claims). It does not automatically follow, however, that *Gross* prohibits an employee from pleading alternative forms of relief related to an employment matter. As explained in considering a similar argument in the context of a Title VII retaliation claim (also requiring but-for causation), the court explained in *Couch v. City of Virginia Beach*, that "'the requirement to prove "but-for" causation does not foreclose a plaintiff from pleading in the alternative.'" No. 2:22CV196, 2025 WL 672733, at *8 (E.D. Va. Mar. 3, 2025) (quoting *Ingleson v. Burlington Med. Supplies, Inc.,* 141 F. Supp. 3d 579, 584 (E.D. Va. 2015) (citing *Fagan v. U.S. Carpet Installation*, 770 F. Supp. 2d 490, 496-97 (E.D.N.Y. 2011)). In *Fagan*, the court noted that the requirement to prove "but for" causation does not foreclose a plaintiff from pleading in the alternative, instead, "all that is required at this stage of the proceedings is that 'the complaint contain sufficient facts to make plausible the conclusion that 'but for [their] age [the] Plaintiff[s] would still be employed.'" *Fagan v. U.S. Carpet Installation,* 770 F. Supp. 2d at 497 (quoting *Raginsky v. Cnty. of Suffolk*, N.Y., 729 F. Supp. 2d 561, 568 (E.D.N.Y. 2010)). Further, as the Fourth Circuit noted in *Arthur v. Pet Dairy*, "pursuant to *Gross,* for an event to be the 'but-for cause,' it need not be the sole cause of the adverse employment action. *See Leal v. McHugh,* 731 F.3d 405, 415 (5th Cir. 2013) (concluding 'the district court misread *Gross,* since but-for cause does not mean sole cause' (internal quotation marks omitted))." *Arthur*, 593 F. App'x at 220.

The cases relied on by Defendant do not require a different result. The only cited case from this District, *Cartee v. Wilbur Smith Associates, Inc.*, 3:08-4132-JFA-PJG, 2010 WL 1052082, at *3, 4 (D.S.C. Mar. 22, 2010), was considering whether a Plaintiff could pursue an "age plus gender" claim under the ADEA. Here, Plaintiff does not seek to pursue an "age plus" another protected trait claim. Rather, he is pleading in the alternative.

Defendant's causation-standard-related challenge does not carry the day. The Motion for Partial Dismissal should be denied as to Plaintiff's ADEA claim. The ADEA claim should be permitted to proceed at this juncture.

IV.     Conclusion and recommendation

For the reasons set forth above, it is recommended that Defendant's Motion for Partial Dismissal, ECF No. 6, be *granted without prejudice* as to the ADA cause of action and *denied* as to the ADEA cause of action.

IT IS SO RECOMMENDED.

May 15, 2025                                              Kaymani D. West
Florence, South Carolina                          United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**