IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| James Buchanan, | Case No. 3:24-cv-6798-SAL |
| Plaintiff, | |
| v. | **ORDER** |
| Performance Management Group, LLC, | |
| Defendant. | |

Plaintiff James Buchanan ("Plaintiff") sued Defendant Performance Management Group, LLC ("Defendant"), asserting causes of action for violation of the Family and Medical Leave Act ("FMLA"), the Age Discrimination in Employment Act ("ADEA"), and the Americans with Disabilities Act ("ADA"). *See* ECF No. 1-1. Defendant moves to dismiss the ADA and ADEA causes of action, arguing (1) Plaintiff has failed to exhaust necessary administrative remedies, and (2) Plaintiff's assertion of FMLA and ADA claims prevents him from bringing ADEA claims altogether. [ECF No. 6.] Plaintiff opposes the motion, ECF Nos. 12 and 12-2, and Defendant has replied, ECF No. 13.

This matter is before the court on the Report and Recommendation (the "Report") issued by United States Magistrate Judge Kaymani D. West, made in accordance with 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), recommending Defendant's motion be granted in part as to the ADA claim but denied as to the ADEA claim. [ECF No. 25.] Attached to the Report was a notice advising Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. [ECF No. 25-1.] Plaintiff filed no objections, and the time for doing so has expired.

1

## LEGAL STANDARDS

### I.   Review of a Magistrate Judge's Report

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of only those portions of the Report that have been specifically objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

### II.   Motion to Dismiss

Under Fed. R. Civ. P. 12(b)(6), a party may move to dismiss for "failure to state a claim upon which relief can be granted." When considering a Rule 12(b)(6) motion, the court must accept the plaintiff's factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *See E.I. du Pont de Nemours & Co. v. Kolon Indus.*, 637 F.3d 435, 440 (4th Cir. 2011). The court need not, however, accept the plaintiff's legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

On a motion to dismiss, the court's task is limited to determining whether the complaint states a "plausible claim for relief." *Id.* at 679. Although Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief," a "formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). When considering a motion to dismiss, a court can consider "documents that are explicitly incorporated into the complaint by reference," documents "attached to the complaint as exhibits," and documents attached to a motion to dismiss, as long as they are "integral to the complaint" and "authentic." *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016).

## CONCLUSION

After reviewing the Report, the applicable law, and the record of this case in accordance with the above standards, the court finds no clear error and adopts the Report, ECF No. 25, and incorporates it by reference herein. As a result, Plaintiff's ADA cause of action is **DISMISSED WITHOUT PREJUDICE**. Defendant's motion, ECF No. 6, is **DENIED** with respect to Plaintiff's ADEA cause of action.

**IT IS SO ORDERED.**

June 2, 2025
Columbia, South Carolina

Sherri A. Lydon
United States District Judge